Robert A. Weikert, State Bar No. 121146
    rweikert@nixonpeabody.com
John A. Chatowski, State Bar No. 174471
    jchatowski@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Attorneys for Plaintiff
MORGAN FABRICS CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN FABRICS CORPORATION, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>RIBENKS CORPORATION, a New York corporation, dba BROOKS FABRICS,<br><br>Defendant. | Case No. CV13- 3621 SS<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Morgan Fabrics Corporation ("Plaintiff" or "Morgan"), by and through its attorneys, Nixon Peabody LLP, for its Complaint against Defendant Ribenks Corporation, dba Brooks Fabrics ("Defendant" or "Brooks"), alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the case concerns a question arising under the laws of the United States of America, and under 28 U.S.C. § 1338 because this is an action for copyright infringement.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this judicial district.

///

## PARTIES

3. Plaintiff is a corporation formed under the laws of the State of Illinois with its principal place of business in Los Angeles County, California.

4. Plaintiff is informed and believes, and on that basis alleges, that Defendant is a New York corporation with its principal place of business in Los Angeles County, California.

## FACTUAL BACKGROUND

5. Plaintiff designs and manufacturers unique and original fabrics for manufacturers and fabricators of fine home furnishings, bedding, design professionals, recreational vehicle manufacturers, specialty products producers, and the hospitality industry. Plaintiff is the owner of copyrights in these original fabric designs, including the pattern and design of its CHAMPION™ fabric. The pattern and design of Plaintiff's CHAMPION fabric is the subject of Copyright Registration No. VAu 1-035-421, registered July 2, 1010. Plaintiff filed its application for copyright registration on or about July 2, 2010, less then ninety (90) days after the first publication of its design. A true and correct image of the CHAMPION fabric is attached hereto as Exhibit A. A true and correct copy of the Certificate of Registration for Copyright Number VAu 1-035-421 is attached hereto as Exhibit B.

6. Morgan has been using the term "CHAMPION" as a trademark to sell this unique and original fabric since at least November 23, 2010, and through its continuous use of the mark Morgan has acquired common law trademark rights in the mark.

7. Plaintiff recently learned that Defendant has been using Plaintiff's CHAMPION copyrighted pattern to market a knock-off fabric under the name "Winner" (the "Infringing Fabric"). A true and correct image of the Infringing Fabric is attached hereto as Exhibit C. Plaintiff is informed and believes, and on that basis alleges, that Defendant chose the name "Winner" for its Infringing Fabric in an effort

to confuse consumers and trade off of the goodwill Plaintiff has developed in its similar-meaning CHAMPION mark.

8. Plaintiff is informed and believes, and on that basis alleges, that Defendant has sold thousands of yards of its Infringing Fabric to the public, and is continuing to do so. Plaintiff is also informed and believes, and on that basis alleges, that Defendant had access to Plaintiff's CHAMPION fabric bearing the CHAMPION pattern prior to its sale of its Infringing Fabric consisting of a design identical to Plaintiff's design.

9. Plaintiff is informed and believes, and on that basis alleges, that Defendant intentionally and in bad faith copied Plaintiff's copyrighted CHAMPION pattern and fabric.

10. On or about March 8, 2013, Plaintiff, through its undersigned counsel, sent Defendant a letter objecting to its sale of its Infringing Fabric and requesting that it immediately stop selling the Infringing Fabric. No response was received. On or about March 26, 2013, Plaintiff, through its undersigned counsel, sent Defendant a follow-up letter again objecting to its sale of its Infringing Fabric and requesting that it immediately stop selling the Infringing Fabric. On or about April 11, 2013, Defendant sent two emails to Plaintiff's counsel indicating that a substantive response would be forthcoming the following week. However, no response has been received. Despite being on notice of its infringing activity, Plaintiff is informed and believes, and on that basis alleges, that Defendant has continued to advertise and sell the Infringing Fabric bearing the CHAMPION design identical to Plaintiff's design, and is still doing so as of the date of this Complaint.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

11. Plaintiff repeats and realleges paragraphs 1-10 as if set forth fully herein.

///

///

-3-

12. The CHAMPION fabric reflects an original design developed and owned by Plaintiff, which constitutes copyrightable subject matter under the laws of the United States.

13. Plaintiff has fully complied with 17 U.S.C. §§ 101 *et seq.*, including the statutory deposit and registration requirements thereof, and all of the laws governing federal copyrights, to secure the exclusive rights and privileges in and to the copyright for the CHAMPION design, and has filed the requisite application and obtained from the Register of Copyrights a Certificate of Copyright bearing the Registration Number VAu 1-035-421, and which covers the CHAMPION design.

14. Since the date the CHAMPION copyright was first published, Plaintiff has owned the CHAMPION copyright and owns all copyright interests in the CHAMPION design.

15. Plaintiff is informed and believes, and on that basis alleges, that Defendant has willfully infringed and continues to willfully infringe Plaintiff's copyright in its exclusive and original CHAMPION design. In particular, Defendant has copied the CHAMPION design in its entirety, and without Plaintiff's consent has distributed fabric that includes a design identical or substantially similar to the CHAMPION pattern and design.

16. Defendant's copying of Plaintiff's copyrighted design, and its continuing to do so despite being put on notice of its infringing conduct, constitutes willful copyright infringement in violation of 17 U.S.C. §§ 501 *et seq.*

17. Plaintiff has sustained monetary damage in an amount in excess of the jurisdictional minimum of this Court, according to proof at trial.

18. Unless restrained and enjoined by this Court, Defendant will continue to infringe Plaintiff's CHAMPION copyright.

19. As a direct consequence of Defendant's infringement, Plaintiff has suffered irreparable injury. Plaintiff will continue to suffer irreparable injury unless the Court enjoins Defendant from infringing Plaintiff's CHAMPION copyright.

COMPLAINT

20. Plaintiff is informed and believes, and on that basis alleges, that Defendant has derived and received, and will continue to derive and receive, gains profits and advantages from its ongoing and willful infringement of Plaintiff's copyright, including gains, profits and advantages not presently known to Plaintiff, and Plaintiff has been and will continue to be greatly damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## TRADEMARK INFRINGEMENT—FALSE DESIGNATION OF ORIGIN

21. Plaintiff repeats and realleges paragraphs 1-10 as if set forth fully herein.

22. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol ... or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation . . . or as to the origin, sponsorship, or approval of . . . goods [or] services . . . shall be liable in a civil action . . ."

23. The acts of Defendant as described above in marketing and promoting its products, through and with the name "Winner,", constitutes: (a) a false designation of origin; (b) a false and misleading description of fact; and (c) a false and misleading representation of fact. These action have caused, and will continue to cause, confusion, mistake or deception as to the affiliation of Defendant's products with Plaintiff, and have caused, and will continue to cause confusion, mistake or deception as to the origin of Defendant's products and as to whether Plaintiff sponsors or has authorized the sale of Defendant's products, all in violation of Section 43(a) of the Lanham Act.

24. Defendant's unlawful use of the name "Winner" has damaged, and is continuing to damage, the distinctive quality of, and the goodwill associated with, the CHAMPION mark and has lessened the capacity of the CHAMPION mark to identify

and distinguish the goods and services of Plaintiff, all in violation of Section 43(a) of the Lanham Act.

25. Defendant's acts of infringement in violation of Section 43(a) of the Lanham Act were malicious, fraudulent, willful, and deliberate.

26. Plaintiff is entitled to injunctive relief prohibiting Defendant from using the name "Winner" or any other mark that is likely to be confused with the CHAMPION mark.

27. Defendant's acts alleged herein have damaged Plaintiff and will, unless preliminarily and permanently restrained and enjoined, further impair the value and goodwill of the CHAMPION mark and Plaintiff's business reputation, and Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION
## UNFAIR COMPETITION UNDER CALIFORNIA LAW

28. Plaintiff repeats and realleges paragraphs 1-10 as if set forth fully herein.

29. Defendant's use of the name "Winner" in connection with its goods and/or services as alleged herein constitutes unfair competition.

30. Defendant has engaged in the acts alleged herein with the intent to deceive the public into believing that the goods and/or services at issue being advertised and sold under the name "Winner" are approved by, sponsored by or affiliated with Plaintiff. On information and belief, Defendant's acts as alleged herein were committed with intent to deceive and defraud the public in that Defendant chose the name "Winner" because it is similar in meaning to Plaintiff's mark CHAMPION.

31. Defendant's acts as alleged herein constitute unfair competition in violation the common law and statutory law of the State of California, including California Business and Professions Code §§ 17200 *et seq.*, to the injury of Plaintiff and the public.

32. On information and belief, the acts of Defendant alleged herein were undertaken willfully and with the intention of causing confusion, mistake or deception.

33. Plaintiff is entitled to injunctive relief prohibiting Defendant from using the name "Winner" in connection with the Infringing Fabric because it is likely to be confused with Plaintiff's similar-meaning CHAMPION mark.

34. Defendant's acts alleged herein have damaged Plaintiff and will, unless preliminarily and permanently restrained and enjoined, further impair the value and goodwill of the CHAMPION mark and Plaintiff's business reputation, and Plaintiff has no adequate remedy at law.

## FOURTH CAUSE OF ACTION
## FALSE ADVERTISING UNDER CALIFORNIA LAW

35. Plaintiff repeats and realleges paragraphs 1-10 as if set forth fully herein.

36. Defendant's use of the CHAMPION mark in connection with its goods and/or services as alleged herein constitutes false advertising.

37. Defendant has engaged in the acts alleged herein with the intent to deceive the public into believing that the goods and/or services at issue are approved by, sponsored by or affiliated with Plaintiff. On information and belief, Defendant's acts as alleged herein were committed with intent to deceive and defraud the public in that Defendant chose the name "Winner" because it is similar in meaning to Plaintiff's mark CHAMPION.

38. Defendant's acts as alleged herein constitute false advertising in violation the common law and statutory law of the State of California, including California Business and Professions Code §§ 17500 *et seq.*, to the injury of Plaintiff and the public.

39. On information and belief, the acts of Defendant alleged herein were undertaken willfully and with the intention of causing confusion, mistake or deception.

40. Plaintiff is entitled to injunctive relief prohibiting Defendant from using the name "Winner" in connection with the Infringing Fabric because it is likely to be confused with Plaintiff's similar-meaning CHAMPION mark.

///

-7-

COMPLAINT

41. Defendant's acts alleged herein have damaged Plaintiff and will, unless preliminarily and permanently restrained and enjoined, further impair the value and goodwill of the CHAMPION mark and Plaintiff's business reputation, and Plaintiff has no adequate remedy at law.

## FIFTH CAUSE OF ACTION
## COMMON LAW UNFAIR COMPETITION

42. Plaintiff repeats and realleges paragraphs 1-10 as if set forth fully herein.

43. Plaintiff owns the CHAMPION mark, which is a valid and subsisting mark under state common law.

44. Defendants' use of the name "Winner" in connection with its Infringing Fabric constitutes unfair competition in that it is intentionally designed to create consumer confusion with respect of Plaintiff's similar-meaning CHAMPION mark in violation of the common law of California.

45. Plaintiff is entitled to injunctive relief prohibiting Defendant from using the name "Winner" in connection with its Infringing Fabric, and from engaging in acts designed to pass off Defendant's goods as if they were Plaintiff's goods and had been authorized by Plaintiff.

46. Defendant's acts alleged herein have damaged Plaintiff and will, unless preliminarily and permanently restrained and enjoined, further impair the value and goodwill of the CHAMPION mark and Plaintiff's business reputation, and Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. For judgment that:
   a. Defendant has engaged in willful copyright infringement in violation of 17 U.S.C. §§ 501 *et seq.*;
   b. Defendant has engaged in willful false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    c. Defendant has engaged in willful unfair competition in violation of Cal. Bus. & Prof. Code § 17200 and California common law;

    d. Defendant has engaged in willful false advertising in violation of Cal. Bus. & Prof. Code § 17500;

    e. Defendant has caused injury to Plaintiff's image and business reputation; and

    f. Defendants' use of the name "Winner" in connection with the Infringing Fabric, and its sale of the Infringing Fabric, constitutes unfair competition in violation of the common law of California.

2. That Defendant and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, be forthwith preliminarily and thereafter be permanently enjoined from:

    a. Copying, reproducing, creating derivative works of, distributing, using, marketing, or selling any product which copies Plaintiff's CHAMPION design, or any substantially similar variation of Plaintiff's design, in any manner pursuant to 17 U.S.C. § 502;

    b. Otherwise infringing Plaintiff's copyrights;

    c. Using the name "Winner," any imitation or legal equivalent thereof, or any other name or mark that is confusingly similar to the CHAMPION mark;

    d. Committing any acts calculated to cause the public to believe that Defendant's products are associated with or, affiliated, sponsored by, or authorized by Plaintiff, in whole or in part;

    e. Otherwise competing unfairly with Plaintiff in any manner, including without limitation, using false advertising, a false designation of origin, a false description, or false representations which misrepresent

COMPLAINT

        the nature, characteristics or qualities, source or origin of Defendant's commercial activities; and

        f. Attempting, causing, or assisting any of the above-described acts.

3. That Defendant be required to fully account to Plaintiff for any and all profits derived by Defendant and for all damages sustained by Plaintiff by reason of Defendant's actions complained of herein;

4. That Defendant be held liable and be ordered to pay Plaintiff all damages that Plaintiff has sustained resulting from Defendant's acts complained of herein, subject to proof at trial, and that Plaintiff be awarded the profits of Defendant derived by reason of said acts, or statutory damages, whichever is greater, all as determined by said accounting, pursuant to 17 U.S.C. § 504;

5. That any statutory damages be increased and awarded to Plaintiff pursuant to 17 U.S.C. § 504;

6. That Plaintiff be awarded treble damages pursuant to 15 U.S.C. § 1117(a);

7. That Plaintiff recover its costs, attorneys' fees and expenses of this suit from Defendant pursuant to 17 U.S.C. § 505 and 15 U.S.C. §1117(a);

8. That Plaintiff be awarded restitution pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17535; and

9. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Dated: May 17, 2013

NIXON PEABODY LLP

By _____
Robert A. Weikert
John A. Chatowski

Attorneys for Plaintiff
MORGAN FABRICS CORPORATION

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff MORGAN FABRICS CORPORATION hereby demands a trial by jury on all issues triable of right by a jury that are raised for determination by this Complaint.

Dated: May 17, 2013

NIXON PEABODY LLP

By /s/ Robert A. Weikert
Robert A. Weikert
John A. Chatowski

Attorneys for Plaintiff
MORGAN FABRICS CORPORATION

14454488.2

-11-
COMPLAINT

# EXHIBIT A



MORGAN FABRICS CHAMPION DOVE

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

SEP 1 5 2010

**Registration Number**
VAu 1-035-421

**Effective date of registration:**
July 2, 2010

## Title

Title of Work: Champion
Nature of Work: Textile Design

## Completion/Publication

Year of Completion: 2010

## Author

- Author: Morgan Fabrics
  Author Created: 2-Dimensional artwork

  Work made for hire: Yes
  Citizen of: United States
  Anonymous: No        Pseudonymous: No

## Copyright claimant

Copyright Claimant: Morgan Fabrics
4265 Exchange Ave., Los Angeles, CA 90058

## Certification

Name: Laura Ramirez, authorized agent of Morgan Fabrics Corp.
Date: June 15, 2010

Page 1 of 1

EXHIBIT C



Name & Address:
Robert A. Weikert, State Bar No. 121146
John A. Chatowski, State Bar No. 174471
NIXON PEABODY LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN FABRICS CORPORATION, an Illinois corporation,<br><br>PLAINTIFF(S)<br>v.<br><br>RIBENKS CORPORATION, a New York corporation, dba BROOKS FABRICS,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13- 3621 SS<br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Robert A. Weikert_____, whose address is _Nixon Peabody LLP, One Embarcadero Center, Suite 1800, San Francisco, CA 94111___. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

MAY 2 1 2013

Dated: _____

Clerk, U.S. District Court

JULIE PRADO

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
MORGAN FABRICS CORPORATION

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
RIBENKS CORPORATION, dba BROOKS FABRICS

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert A. Weikert, Esq.
Nixon Peabody LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 USC §§ 501 et. seq.  Copyright Infringement

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☒ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:  Case Number: **CV13- 3621**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)  CIVIL COVER SHEET  Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [x] NO  [ ] YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [x] NO  [ ] YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _[signature]_   DATE: May 17, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |