Robert A. Weikert, State Bar No. 121146
    rweikert@nixonpeabody.com
John A. Chatowski, State Bar No. 174471
    jchatowski@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111
Telephone:  (415) 984-8200
Facsimile:  (415) 984-8300

Attorneys for Plaintiff
MORGAN FABRICS CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN FABRICS CORPORATION, an Illinois corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>RIBENKS CORPORATION, a New York corporation, dba BROOKS FABRICS,<br><br>                    Defendant. | Case No.  CV 13-03621 FMO(AGRx)<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

In order to effectuate and implement the Confidential Settlement Agreement by and between the parties to this action, Plaintiff Morgan Fabrics Corporation ("Morgan") and Defendant Ribenks Corporation, doing business as Brooks Fabrics ("Ribenks"), and the parties having submitted themselves to the Court's jurisdiction and having stipulated to the entry of this Consent Judgment and Permanent Injunction, and the Court having found that entry of this Consent Judgment and Permanent Injunction is necessary and proper to consummate the settlement and resolution of this action pursuant to this stipulation;

///

NOW, THEREFORE, upon agreement of the parties, it is ORDERED, ADJUDICATED, and DECREED as follows:

1.     As alleged in the Complaint in this action, Morgan is a designer and manufacturer of unique and original fabrics, including fabrics for manufacturers and fabricators of fine home furnishings, bedding, design professionals, recreational vehicle manufacturers, specialty products producers, and the hospitality industry. Morgan is the owner of valid and enforceable copyrights in these original fabric designs, including the pattern and design of its CHAMPION$^{TM}$ fabric (the "CHAMPION Fabric").

2.     As alleged in the Complaint in this action, Morgan has been using the term "CHAMPION" as a trademark in connection with its sale of unique and original fabric since at least November 23, 2010 (the "CHAMPION Mark"), and through its continuous use of the CHAMPION Mark Morgan has acquired valid and enforceable trademark rights in the CHAMPION Mark.

3.     As alleged in the Complaint in this action, Ribenks has been selling a fabric substantially similar in appearance to the CHAMPION Fabric under the name "WINNER" (the "WINNER Fabric").

4.     Morgan further alleges in the Complaint in this action that Ribenks' WINNER Fabric infringes the copyright in the CHAMPION Fabric, and that Ribenks use of the name "WINNER" for that fabric was an effort to confuse consumers and trade off of the goodwill Morgan has developed in its similar-meaning CHAMPION Mark.  Ribenks disputes those allegations in their entirety.

5.     Morgan's copyrights in the CHAMPION Fabric are valid and enforceable.

6.     Morgan's rights in the CHAMPION Mark are valid and enforceable.

7.     Ribenks acknowledges the existence and validity of Morgan's copyrights in the CHAMPION Fabric and Morgan's rights in the CHAMPION Mark, and the undisputed ownership thereof by Morgan.

-2-

8.     Ribenks' use of the term "WINNER" in connection with its products is likely to cause confusion, mistake and deception as to whether Ribenks is affiliated with, sponsored by, or otherwise connected to Morgan.

9.     Ribenks represents and avers that it has ceased all manufacture, sale, and/or offers for sale of the WINNER Fabric and any other fabric product that is identical or substantially similar to the CHAMPION Fabric.  Ribenks further represents and avers that it has ceased all use of the name "WINNER" in connection with any fabric, including use as a trademark, service mark, trade name, meta tag, ad word, domain name, signage, advertising, and the like.  Ribenks further represents and avers that all advertising and promotional materials that depict or refer to Ribenks' WINNER Fabric or any other fabric that is identical or substantially similar to the CHAMPION Fabric have been destroyed.

10.    Ribenks, including its agents, distributors, representatives, consultants, employees, affiliates, attorneys, heirs, administrators, successors and assigns, and all those persons in active concert or participation with them and/or Ribenks (collectively "Ribenks"), are hereby PERMANENTLY ENJOINED from all manufacture, sales, and/or offers for sale of the WINNER fabric and any other product that is identical or substantially similar to the CHAMPION Fabric.

11.    Ribenks is further hereby PERMANENTLY ENJOINED from any and all uses of the name 'WINNER," and any trademark, service mark, trade name, meta tag, ad word, domain name, signage, advertising, and the like containing the term "WINNER."

12.    Except insofar as the parties have stipulated to the entry of the permanent injunctive relief described herein, all claims are hereby dismissed with prejudice.  Each party shall bear its own costs and attorneys' fees.

13.    Each of the parties hereto has had the opportunity to consult legal counsel in connection with the preparation and terms of this Consent Judgment and Permanent Injunction, and the stipulation for its entry by the Court in this action.

14.     This Court shall retain continuing jurisdiction over the parties for the purpose of entering enforcement orders in connection with this Consent Judgment and Permanent Injunction, and in connection with the Confidential Settlement Agreement and for the purpose of awarding such other and further ancillary relief as may be proper in the circumstances of any such enforcement action.

Dated: September  26, 2013          NIXON PEABODY LLP


By _____/s/_____

Robert A. Weikert
John A. Chatowski

Attorneys for Plaintiff
MORGAN FABRICS CORPORATION

Dated: September _26, 2013


By _____/s/_____

Simcha Kalson

On behalf of Defendant
RIBENKS CORPORATION




SO ORDERED:

Dated:  September 27, 2013          _____/s/_____

Hon. Fernando M. Olguin
UNITED STATES DISTRICT JUDGE

-4-

CONSENT JUDGMENT AND PERMANENT INJUNCTION